13-3101-cr
United States v. Veloz-Lopez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of September, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                  *Chief Judge*,
             ROBERT D. SACK,
             GERARD E. LYNCH,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

                  v.                                              No. 13-3101-cr

ALEXANDER VELOZ-LOPEZ

                  *Defendant-Appellant*.

_____

For Appellee:              PAUL D. SILVER (Edward P.Grogan, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant:   MARK A. KAPLAN, Kaplan and Kaplan, Burlington, VT.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the case is **REMANDED** to the district court for further proceedings consistent with this order.

Defendant-Appellant Alexander Veloz-Lopez appeals from a judgment entered on August 13, 2013, by the United States District Court for the Northern District of New York (McAvoy, *J.*), sentencing him primarily to 48 months' imprisonment on one count of illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Veloz-Lopez asserts that the district court erred in denying his motion to suppress statements made after he was allegedly stopped by border patrol agent Aaron Carlson. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the denial of a suppression motion for clear error as to the district court's factual findings and de novo as to its legal conclusions. *See United States v. Getto*, 729 F.3d 221, 227 (2d Cir. 2013). "Under the long-established rule of *Terry v. Ohio*, police may only stop someone when they have 'reasonable suspicion supported by articulable facts that criminal activity may be afoot.'" *United States v. Freeman*, 735 F.3d 92, 95-96 (2d Cir. 2013) (citation omitted) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). In evaluating whether an officer had reasonable suspicion, we look only to the facts that the officer knew at the time of the stop. "Any events that occur after a stop is effectuated cannot contribute to the analysis of whether there was reasonable suspicion to warrant the stop in the first instance." *Id.* at 96.

A person has been stopped by a police officer if "in view of all of the circumstances surrounding the incident, a reasonable person [in the same situation] would have believed that he

2

was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.); *see United States v. Simmons*, 560 F.3d 98, 105-06 (2d Cir. 2009). It is well established that a police officer who merely asks a person questions in a public place has not thereby conducted a stop, since such questioning is "clearly the sort of consensual encounter that implicates no Fourth Amendment interest." *Florida v. Rodriguez*, 469 U.S. 1, 5-6 (1984) (per curiam); *see United States v. Drayton*, 536 U.S. 194, 200 (2002). However, police questions may constitute a stop if the surrounding circumstances "convey a message that compliance with [the officers'] requests is required." *Florida v. Bostick*, 501 U.S. 429, 435 (1991). Factors that might indicate a stop include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554 (opinion of Stewart, J.).

Here, Veloz-Lopez contends that he was stopped at the moment when Agent Carlson first approached him. The government, on the other hand, contends that the initial encounter was consensual, and that there was no Fourth Amendment seizure until Veloz-Lopez was explicitly placed under arrest. Because the issue was not fully litigated below, the district court did not explicitly decide at what point Veloz-Lopez was stopped.

Without knowing when Veloz-Lopez was stopped, we cannot determine whether Agent Carlson had sufficient facts at the moment of the stop to establish reasonable suspicion. And the present record does not permit us to decide in the first instance when the stop occurred. We therefore remand this case to the district court to determine the point at which Veloz-Lopez was "seized" within the meaning of the Fourth Amendment—that is, the moment at which a

3

reasonable person in Veloz-Lopez's position would not have felt free to leave. *See Simmons*, 560 F.3d at 105-06. Once the factual record on that issue is adequately developed, we will be able to determine whether the facts known to Agent Carlson at the time of the stop were enough to engender reasonable suspicion.[1]

We therefore **REMAND** this case for further proceedings pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994). The parties shall inform the Clerk of the Court by letter once the district court has issued its decision on remand. Following such notification, the reinstated appeal will be decided by this panel without further briefing or oral argument unless otherwise ordered.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] We reject the government's alternative argument that Agent Carlson already had reasonable suspicion at the moment when he first approached Veloz-Lopez. The government notes that (1) undocumented immigrants have been observed in this area, near the Canadian border, in the past; (2) Agent Carlson had received a report from a concerned citizen about a pedestrian walking along a local road on which foot traffic is uncommon; and (3) Agent Carlson testified that Veloz-Lopez seemed out of place, appeared to be waiting for something, and wore dirty clothes. We conclude that these facts alone were not sufficient to support a reasonable belief that Veloz-Lopez might have been engaged in criminal activity. *See Freeman*, 735 F.3d at 95-96.