13-3101-cr
*United States v. Veloz-Lopez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

Present:   ROBERT A. KATZMANN,
                          *Chief Judge*,
                ROBERT D. SACK,
                GERARD E. LYNCH,
                          *Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

                          *Appellee*,

                v.                                              No. 13-3101-cr

ALEXANDER VELOZ-LOPEZ,

                          *Defendant-Appellant*.

———————————————————————————

For Appellee:                     PAUL D. SILVER (Edward P. Grogan, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant:   MARK A. KAPLAN, Kaplan and Kaplan, Burlington, VT.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the case is **AFFIRMED**.

Defendant-Appellant Alexander Veloz-Lopez appeals from a judgment entered on

August 13, 2013, by the United States District Court for the Northern District of New York

(McAvoy, *J.*), sentencing him primarily to 48 months' imprisonment on one count of illegal

reentry in violation of 8 U.S.C. §§ 1326(a), (b)(2). On appeal, Veloz-Lopez asserts that the

district court erred in denying his motion to suppress statements made after he was allegedly

stopped by border patrol agent Aaron Carlson. We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal.

Pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d

Cir. 1994), we previously remanded the case to the district court "to determine the point at which

Veloz-Lopez was 'seized' within the meaning of the Fourth Amendment—that is, the moment at

which a reasonable person in Veloz-Lopez's position would not have felt free to leave." *United*

*States v. Veloz-Lopez*, 574 F. App'x 43, 44 (2d Cir. 2014). On remand, the district court

concluded that the defendant was not seized within the meaning of the Fourth Amendment until

he "showed Carlson a valid Florida driver's license and Carlson began asking questions that

were clearly intended to ferret out whether Veloz-Lopez was legally in the United States."

Decision and Order, Dec. 10, 2014, ECF No. 43, at 7, *United States v. Veloz-Lopez*, 12-cr-582

(N.D.N.Y) . In light of these findings of fact and conclusions of law, we now affirm.

As we explained in our prior summary order, we review the denial of a suppression

2

motion for clear error as to the district court's factual findings and de novo as to its legal conclusions. *See United States v. Getto*, 729 F.3d 221, 227 (2d Cir. 2013). "Under the long-established rule of *Terry v. Ohio*, police may only stop someone when they have 'reasonable suspicion supported by articulable facts that criminal activity may be afoot.'" *United States v. Freeman*, 735 F.3d 92, 95-96 (2d Cir. 2013) (citation omitted) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). In evaluating whether an officer had reasonable suspicion, we look only to the facts that the officer knew at the time of the stop. "Any events that occur after a stop is effectuated cannot contribute to the analysis of whether there was reasonable suspicion to warrant the stop in the first instance." *Id.* at 96.

A person has been stopped by a police officer if, "in view of all of the circumstances surrounding the incident, a reasonable person [in the same situation] would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *see also United States v. Simmons*, 560 F.3d 98, 105-06 (2d Cir. 2009). It is well established that a police officer who merely asks a person questions in a public place has not thereby conducted a stop, since such questioning is "clearly the sort of consensual encounter that implicates no Fourth Amendment interest." *Florida v. Rodriguez*, 469 U.S. 1, 5-6 (1984) (per curiam); *see also United States v. Drayton*, 536 U.S. 194, 200 (2002). However, police questions may constitute a stop if the surrounding circumstances "convey a message that compliance with [the officers'] requests is required." *Florida v. Bostick*, 501 U.S. 429, 435 (1991). Factors that might indicate a stop include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554.

3

Under this legal standard and in light of the district court's decision on remand, we now affirm the district court's denial of Veloz-Lopez's suppression motion. By the time Agent Carlson stopped Veloz-Lopez, he was already aware of the following information:

(1) the area, within ten miles of the Canadian border and near a major interstate highway, sees a number of illegal border crossings;

(2) a citizen caller had recently reported seeing a man with dark hair and a red and black jacket walking along Route 11, the highway that runs south of the border, which has no sidewalks and normally no pedestrian traffic;

(3) Veloz-Lopez was found at LaBarre's store, on Route 11, and was a man with dark hair, though he was not then wearing a red and black jacket;

(4) according to Agent Carlson, Veloz-Lopez "seemed out of place," "seemed like he was waiting for something," and "his clothes were dirty, like he had been out in the weather for a while"; and,

(5) according to Agent Carlson, Veloz-Lopez spoke with an accent, said that he worked for a nearby church but could not name his supervisor, had a red and black jacket balled up on his backpack, and had Canadian currency in his wallet.

While there are plenty of innocent explanations for each of these facts, individual facts "susceptible of innocent explanation" may combine "to form a particularized and objective basis" for reasonable suspicion. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). From these facts, we conclude that Agent Carlson was not acting on a mere hunch—he had facts that together reasonably indicated the possibility of criminal activity. *See United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014); *see also United States v. Padilla*, 548 F.3d 179, 187 (2d Cir. 2008) (noting that reasonable suspicion requires even "less than a fair probability of wrongdoing" (internal quotation marks omitted)). Because we decide the case on these grounds, we need not address the government's contention in its supplemental brief that Veloz-Lopez was not stopped for Fourth Amendment purposes until his arrest.

4

We have considered the defendant's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

                                          FOR THE COURT:
                                          CATHERINE O'HAGAN WOLFE, CLERK